ADOLPH PAPIN *et al.*, Appellants, *v.* PATRICK RYAN, Respondent.

*Confirmation.*—Papin v. Hines, 23 Mo. 274, affirmed.

*Appeal from St. Louis Land Court.*

*A. Buckner*, for appellants.

*Shepley* and *Todd*, for respondent.[1]

HOLMES, Judge, delivered the opinion of the court.

The plaintiffs claimed title under a confirmation by the act of Congress of the 4th of July, 1836, and also by virtue of a confirmation under the act of Congress of the 13th of June, 1812, on the ground of inhabitation, cultivation, and possession, prior to the 20th day of December, 1803. The defendant claimed title under a patent from the United States, dated June 15, 1826.

On a comparison of these titles by patent and by a confirmation under the act of the 4th of July, 1836, in this case, when it was before this court on a former occasion, it was expressly decided that the title by patent must prevail over the other as against the plaintiffs. (Papin v. Hines, 23 Mo. 274.) We see no reason for departing from that decision; the ruling of the court below upon the instructions relating to this part of the case was in accordance with the previous decision, and must receive our sanction here.

In the same case, it was held that the confirmation claimed under the act of 13th of June, 1812, must rest upon an actual possession, this being the very ground of the grant by Congress in such case, and that such possession must be something more than a bare legal seizin to be inferred from a concession or survey only, and not merely an inferential

or constructive possession, "but an actual possession—*possessio pedis*." It was also held that an actual possession of the land lying east of the road, and held under the first concession, was not to be transferred and extended constructively to the land included in the new concession of 1799, without further distinct proof of an actual possession of the land contained in the additional concession also. On this question of possession, the court below gave the following instruction for the plaintiffs:

"If the jury find from the evidence that Joseph Brazeau, prior to the 20th day of December, 1803, actually inhabited, cultivated, or possessed, the tract of land described in plaintiff's petition in this cause, they will find for the plaintiffs."

The question of fact was then distinctly referred to the jury. The evidence offered to prove such actual possession of the land contained in the later concession and survey, and covering the land in controversy, prior to the 20th day of December, 1803, was certainly very slight, and indeed scarcely amounted to anything at all deserving of serious consideration on so weighty an issue. The particular acts proved in relation to cutting wood on the hill west of the road were nearly all subsequent to that date; and such of them as could in any way be referred to prior time, when taken in connection with the existing claim of commons in that region, the general custom and usage of the inhabitants with regard to cutting wood and timber, the other cotemporaneous circumstances, and the actual condition of the country, cannot be considered as amounting to any substantial proof of the main fact of an actual possession of the land in question. The instruction which was given for the defendant on this point was fully justified by the nature of the evidence on which it was predicated. The several instructions which were referred for the plaintiffs, bearing upon this issue, were properly enough refused as being without any sufficient basis in the evidence, under the instruction which was given by the court on their behalf; the plaintiffs had the full benefit, with the jury, of the whole evidence (such as it was) on this subject.

The verdict was against them on the open question of fact, and no good reason has been shown for disturbing it now. It appears to have been fairly rendered, upon the merits of the case, under instructions which left the matter sufficiently open to their decision, and it must be allowed to stand.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.